IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BLANCA CORTEZ

v.  CAUSE NO. 4:10-CV-00076-JMM

HOSTO, BUCHAN, PRATER &
LAWRENCE, PLLC

## AGREED PROTECTIVE ORDER

To protect confidential information produced and otherwise provided in discovery, the parties have agreed to the terms of this Agreed Protective Order. It is agreed by the parties and ORDERED as follows:

1. All documents and any other information designated as "CONFIDENTIAL" ("Confidential Information") in the course of this proceeding shall be used solely for purposes of this litigation, including but not limited to preparing for the trial of, the actual trial of, and any appeal of the issues in this proceeding, shall be shown only to Qualified Persons as defined below, and shall not be disclosed or utilized except in accordance with the terms of this Order. A party will only designate information as "CONFIDENTIAL" that, in good faith, it believes contains confidential information. Information or material that is available to the public shall not be designated as "CONFIDENTIAL." A designation of "CONFIDENTIAL" by any party shall have no evidentiary value, and shall not be admissible by one party against the other for any purpose.

2. "Qualified Persons" are:

a.   attorneys of the parties and their regular employees to whom such information is shown for purposes of this proceeding;

b.   a party, and officers or employees of a party whom the party in good faith determines has a need to review Confidential Information;

c.   any judicial officer, court reporter, videographer, or mediator whose function is necessary to conduct this litigation;

d.   any person who may be a witness in the case, if reasonably necessary to elicit, prepare, or develop oral or written testimony in this case;

e.   third parties retained by an attorney for the purposes of discovery in preparation for the trial of, or for testimony in the actual trial of, this proceeding (such as experts or consultants); and

f.   any other person who is designated a Qualified Person by Order of this Court or agreement of the parties.

3. In addition to this Agreed Protective Order, Defendant may contend that a separate protective order is needed for documents Defendant contends should be designated as "ATTORNEYS' EYES ONLY." The entry of this Agreed Protective Order shall not limit Defendant's right to contend that such a separate protective order is warranted. Similarly, the entry of this Agreed Protective Order shall not limit Plaintiffs' right to contest the entry of such a separate protective order.

4. Information disclosed at the deposition of a party or other witness may be designated as Confidential Information by indicating on the record at the deposition that the testimony contains Confidential Information and is subject to the provisions of this Order. A party also may designate information disclosed at deposition as Confidential Information by notifying the

opposing attorney-in-charge, in writing, of the specific pages and lines of the transcript that contain Confidential Information within sixty (60) days following the deposition date.

5. Confidential Information shall not be disclosed or made available to persons other than the Court, jury, Qualified Persons, or the party that designated the material as Confidential Information. Any party wishing to file with the Court or otherwise use Confidential Information in a manner that would subject the Confidential Information to public scrutiny must give the designating party at least seven (7) days notice of the impending disclosure.

6. Disclosure beyond the terms of this Order is permitted if the party designating the information as Confidential Information consents to disclosure, or if the Court orders disclosure.

7. The confidentiality provisions of this Order do not apply to documents or information filed with local, state, or federal agencies, with foreign governments, that are considered public records under the laws of the particular jurisdiction, or that are otherwise publicly available.

8. Nothing herein shall in any respect constitute a waiver of any attorney-client, work product, or other privilege of any party. The parties pledge, however, to work in good faith to produce relevant, non-privileged information and documentation in response to valid discovery requests.

9. The inadvertent or unintentional production of documents containing, or other disclosure of, confidential, sensitive, or proprietary information without being designated as Confidential Information at the time of production or disclosure shall not be a waiver of a party's claim of confidentiality or right to designate the materials as Confidential Information, either as to the specific material discussed or as to related information.

10. At all times, confidential materials produced in this lawsuit, and any copies thereof, will remain in the custody of the parties' attorneys, except as provided for in this Order.

11. Within sixty (60) days after the entry of a final judgment or order in this lawsuit (or any

appeal of this lawsuit), all Confidential Information and all copies of Confidential Information in the possession, custody, or control of the other party's attorneys shall be returned to the producing party's attorney, unless an appeal is filed or the parties otherwise agree in writing. By separate written agreement between the parties, the non-producing party may destroy all Confidential Information, and counsel for the non-producing party shall certify in writing to counsel for the producing party that destruction of the Confidential Information occurred.

12. The provisions of this Order shall continue to be binding at the conclusion of this litigation except that:

a. there shall be no restriction on documents filed as a matter of public record and/or used as exhibits in open court (unless such exhibits were filed under seal or were sealed); and

b. any party may seek written permission from the supplying party or an order of the Court to dissolve or modify the Agreed Protective Order.

13. Any party designating a person, witness, or potential witness as a Qualified Person under Paragraph 2(d) and (e) shall provide the individual a copy of this Agreed Protective Order and notify the individual of his or her obligation to comply with this Order.

14. This Agreed Protective Order shall bind the parties as of the date of execution hereof.

15. A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party disagrees with the designation of information as "CONFIDENTIAL," the parties shall first try to resolve such dispute in good faith on an informal basis, such as through production of redacted copies. If a dispute cannot be resolved by informal means, the objecting party may invoke this Agreed Protective Order by objecting in writing to the designating party. If no agreement is reached within three business days of objection, then the party challenging the

designation may file a motion with the Court requesting that the Court order the designation removed. The burden of showing the propriety of the designation shall be on the designating party.

16. To the extent that a copy of any document or information is obtained from an independent, non-confidential source who obtained the document by lawful and legitimate means, such document copy or information is not subject to this Agreed Protective Order.

This Agreement is hereby entered into as attested by the respective signatures of counsel for the parties noted below.

Respectfully submitted,

_____
Mark Alan Peoples
Attorney for Defendants
P.O. Box 25323
Little Rock, AR 72221-5323

__/s/ Lorraine Hatcher____ _____
Lorraine Hatcher
Attorney for Plaintiff
P.O. Box 21294
Little Rock, AR 72221-1294

Affirmed and adopted as an ORDER of the Court this _____ day of _____, 2011.

_____
James M. Moody, UNITED STATES DISTRICT JUDGE

designation may file a motion with the Court requesting that the Court order the designation removed. The burden of showing the propriety of the designation shall be on the designating party.

16. To the extent that a copy of any document or information is obtained from an independent, non-confidential source who obtained the document by lawful and legitimate means, such document copy or information is not subject to this Agreed Protective Order.

This Agreement is hereby entered into as attested by the respective signatures of counsel for the parties noted below.

Respectfully submitted,

Mark Alan Peoples
Attorney for Defendants
P.O. Box 25323
Little Rock, AR 72221-5323

Lorraine Hatcher
Attorney for Plaintiff
P.O. Box 21294
Little Rock, AR 72221-1294

Affirmed and adopted as an ORDER of the Court this 6th day of April, 2011.

James M. Moody, UNITED STATES DISTRICT JUDGE