**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**BLANCA R. CORTEZ**                                                                 **PLAINTIFF**

**VS.**                                    **NO.  4:10CV00076**

**HOSTO, BUCHAN, PRATER &
LAWRENCE, Attorneys at Law, PLLC**                                 **DEFENDANTS**

## ORDER

By Order entered September 23, 2011, the Court excluded Plaintiff from calling lay witnesses Crystal Anderson, Lashikka Williams, Jackie Earl, Chasiti Jones, Kerri Porchia, Angela Ward Rooney, Al Reynolds and Jessie Jette in the trial of this case because Plaintiff failed to timely provide contact information so that the Defendants could have the opportunity to depose these witnesses prior to trial.  Pending is Defendants' second motion to exclude lay witnesses (docket # 83), Plaintiff's motion to exclude potential witness Peterson (docket # 98), Plaintiff's motion for reconsideration of the Order excluding lay witnesses (docket # 89), and Plaintiff's motions to compel (docket #'s 87 and 100).

On October 4, 2011, the Court cancelled the jury trial scheduled to begin the week of October 24, 2011.  Based upon the pleadings filed, the parties' disputes stem mainly from Plaintiff's  failure to make Rule 26 disclosures and failure to timely identify and provide contact information regarding witnesses.  Further, Plaintiff failed to timely file motions to compel discovery prior to the discovery cut-off, when she found Defendants' responses to discovery inadequate[1].  The deadlines set by the Court in its scheduling order are to be followed by the

---

[1]It is well established in this Circuit that "a party is responsible for the actions and conduct of his counsel and that, under appropriate circumstances, dismissal or default may be entered against a party as a result of counsel's actions."  *Boogaerts v. Bank of Bradley*, 961 F. 2d 765 (8th Cir. 1992).

parties.  However, because the case has been bumped from the trial docket, the Court will enter an amended scheduling order allowing the parties additional time to complete discovery.  The Plaintiff has admitted that she never provided her Rule 26 disclosures.  Plaintiff is directed to do so within fifteen (15) days of the entry of this Order.  The parties are directed to communicate, attempt to resolve all discovery disputes and are cautioned to observe and abide by the deadlines set by the Court.

Accordingly, Plaintiff's motion for reconsideration, docket # 89, is GRANTED.  The Court will set aside its order entered September 23, 2011, excluding Plaintiff's lay witnesses.  Defendants' second motion to exclude, docket # 83 and Plaintiff's motion to exclude, docket # 98 are DENIED.   Plaintiff's motions to compel, docket #'s 87 and 100 are GRANTED.  Defendants are directed to respond to Interrogatory No. 16 regarding other EEOC complaints and to provide the entire Arkansas Workers Compensation file relating to Plaintiff's claim.

As the discovery deadline has been extended, the Court will set a new dispositive motions deadline.  The parties' motions for partial summary judgment, docket # 44, and for summary judgment, docket # 91 are denied without prejudice to renew.  The motions to strike, docket #'s 80 and 120 are moot.

IT IS SO ORDERED this 26th day of October, 2011.



James M. Moody
United States District Judge